UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-CR-53 |
| | ) | (PHILLIPS/GUYTON) |
| v. | ) | |
| | ) | Nos. 3:00-CR-100-002 |
| ANTHONY SHANNON, | ) | and 3:00-CR-108-001 |
| | ) | Revocation (PHILLIPS) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Attorney Ruth Ellis's Motion for a Review of Attorney-Client Status [Doc. 34] and the Defendant's Motion for Substitution of Counsel [Doc. 35], both filed on September 28, 2009, and referred to the undersigned on September 29, 2009 [Doc. 37] pursuant to 28 U.S.C. § 636(b). The parties appeared before the undersigned on October 8, 2009, for a hearing on both motions. Assistant United States Attorney David Lewen appeared on behalf of the Government. Attorney Ellis, appointed counsel for the Defendant, was present, as were the Defendant and Attorney Michael Coleman.

Both motions ask the Court to review the appointment of Attorney Ellis as defense counsel and to appoint new counsel for the Defendant. At the hearing, Attorney Ellis stated that she believed that her continued representation of the Defendant would potentially result in a conflict of interest. Attorney Ellis explained that she may be called upon to testify at an evidentiary hearing before the District Court concerning the Defendant's pending pro se Motion to Withdraw Plea of Guilty [Doc. 36]. The Government objected to the Defendant's Request for new counsel and noted that this was the Defendant's second request to have a new attorney appointed to represent him.

The Court finds that because the Defendant's Motion to Withdraw Plea of Guilty is predicated on the argument that Attorney Ellis forced the Defendant into his plea agreement by means of intimidation, Attorney Ellis may have a real conflict of interest if she continues to represent the Defendant. Accordingly, after carefully considering the positions of the Defendant, defense counsel, and the Government, the Court concludes that Attorney Ellis's motion is well-taken and that good cause exists to substitute new counsel for her. The Motion for a Review of Attorney-Client Status **[Doc. 34]** is **GRANTED**, and Attorney Ellis is relieved as counsel for the Defendant. The Defendant's Motion for Substitution of Counsel **[Doc. 35]** is therefore moot and is **DENIED.**

The Court recognizes the need for the Defendant to be continuously represented by counsel. At the October 8, 2009 hearing, Attorney Michael Coleman agreed to undertake representation of the Defendant. The Court therefore and hereby substitutes and appoints Attorney Coleman under the Criminal Justice Act (CJA) as counsel of record for the Defendant.

At the conclusion of the hearing, the parties agreed to reset the sentencing in this case to January 28, 2010, at 10:00 a.m., before the Honorable Thomas Phillips, United States District Judge, in order to allow Attorney Coleman to prepare and to allow the District Court adequate time to rule on the Defendant's Motion to Withdraw Plea of Guilty [Doc. 36].

It is ordered:

(1) Attorney Ellis's Motion for a Review of Attorney-Client Status **[Doc. 34]** is **GRANTED**;

(2) Attorney Ellis is relieved as counsel for the Defendant and Attorney Coleman is substituted as the Defendant's counsel of record under the CJA;

(3) The Defendant's pro se Motion for Substitution of Counsel **[Doc. 35]** is **DENIED** as moot; and

2

(4) The sentencing in this matter is reset to commence on **January 28, 2010, at 10:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge.

**IT IS SO ORDERED.**

ENTER: *nunc pro tunc*, October 9, 2009.


     s/ H. Bruce Guyton
United States Magistrate Judge